IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,647






EX PARTE JIMMIE MARK PARROTT, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1227343-B IN THE 230TH DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.



O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of theft and
sentenced to fifteen years' imprisonment. His appeal was dismissed. Parrott v. State, No. 14-10-160-CR (Tex. App.-Houston [14th Dist.], April 1, 2010).

 Applicant alleges, inter alia, that his sentence is illegal due to improper enhancement
paragraphs. Applicant was indicted for a third-degree theft. The indictment contained two
enhancement paragraphs. Pursuant to a plea bargain agreement, the State abandoned one
enhancement paragraph and Applicant was sentenced to fifteen years' imprisonment, within the
second degree punishment range. Tex. Penal Code §12.33(a). Although Applicant had a prior
felony conviction, the enhancements alleged in this indictment were state jail felonies. State jail
felony convictions cannot be used to enhance the punishment of a third degree felony. Tex. Penal
Code §12.42(a)(3). 

 We order that this application be filed and set for submission to determine whether: (1) the
consideration of an illegal sentence claim raised on habeas corpus is confined to the enhancement
paragraphs listed in the charging instrument, or whether, if other convictions were available at the
time of sentencing, the enhanced punishment range would be proper even though the convictions
listed as enhancements in the charging instrument were not available to use for some reason; and
(2) whether a defendant is estopped from raising an illegal sentence claim when he knew at the time
of sentencing that the enhancement paragraph as alleged was improper, but agreed to the sentence
pursuant to a plea bargain agreement. The parties shall brief these issues.

 The trial court shall determine whether Applicant is indigent. If Applicant is indigent and
desires to be represented by counsel, the trial court shall appoint an attorney to represent Applicant. 
Tex. Code Crim. Proc. art 26.04. The trial court shall send to this Court, within 60 days of the date
of this order, a supplemental transcript containing either the order appointing counsel or a statement
that Applicant is not indigent. All briefs shall be filed with this Court on or before March 28, 2012.

Filed: September 28, 2011

Do not publish